Filed 6/17/24  P. v. Aniceto CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C099733 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2010-0006199, SF115216A) |
| v. | |
| ISMAEL ROSALES ANICETO, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216.

FACTS AND HISTORY OF THE PROCEEDINGS

On March 4, 2011, a jury found defendant Ismael Rosales Aniceto "guilty of attempted premeditated murder (Pen. Code, §§ 664, 187, subd. (a); count 1; [unless otherwise stated, statutory section citations that follow are to the Code);] permitting another to shoot from a vehicle (former § 12034, subd. (b); count 2); street terrorism (§ 186.22, subd. (a); count 3); and assault with a firearm (§ 245, subd. (a)(2); count 4).  The jury

1

also found true allegations defendant committed counts 1, 2, and 4 for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), a principal intentionally and personally discharged a firearm in the commission of count 1 (§ 12022.53, subds. (c) & (e)), and defendant personally used a firearm in the commission of count 4 (§ 12022.5, subd. (a))." (*People v. Aniceto* (Mar. 22, 2013, C069293) [nonpub. opn.] (*Aniceto*), [fn. omitted].)

"The trial court sentenced defendant to an aggregate term of 44 years to life in state prison, consisting of:  7 years to life for the attempted murder (count 1), plus an additional 20 years under section 12022.53, subdivision (c); and a consecutive 3 years (the middle term) for the assault (count 4), plus an additional 4 years under section 12022.5, subdivision (a), and an additional 10 years under section 186.22, subdivision (b)(1)(C).  The trial court stayed defendant's sentence on counts 2 and 3 pursuant to section 654.  It also declined to impose the enhancement for participation in a criminal street gang appended to count 1 pursuant to section 12022.53, subdivision (e)(2)." (*Aniceto, supra*, C069293.)

Defendant appealed, and we concluded the trial court erred in imposing "enhancements for both personal firearm use (§ 12022.5, subd. (a)) and committing a violent felony to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)) on count 4," requiring reversal of defendant's sentence on that count and remand for resentencing. (*Aniceto, supra*, C069293.)

On remand, the trial court permanently struck the firearm enhancement associated with count four, reducing defendant's total aggregate term to 40 years to life.

Thereafter, on March 14, 2022, defendant filed an in propria persona petition for resentencing.  We note that, effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Defendant filed his petition under former section 1170.95, but we will cite to the current section 1172.6.

Counsel was appointed and briefing ensued. On March 29, 2023, the trial court found defendant had made a prima facie showing for relief and issued an order to show cause. At the evidentiary hearing on September 25, 2023, the parties stipulated to the trial court taking judicial notice of the reporter's transcripts from defendant's prior jury trial. The trial court summarized portions of the trial testimony, enumerated the current requirements for being an aider and abettor, and found beyond a reasonable doubt that defendant aided and abetted the premeditated attempted murder as the crime is defined under current law. Defendant timely appealed.

DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief.

In *Wende*, our Supreme Court held that, "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court set forth applicable procedures for such cases, saying, where a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the filing of a supplemental brief alone does not compel the court to independently review the entire

3

record to identify unraised issues, although it may exercise its discretion to do so. (*Id*. at p. 232.)

Defendant asserts several factual arguments challenging the fairness of his sentences for attempted murder and the associated firearm and gang enhancements. He also asserts alleged juror misconduct. These arguments are not cognizable in this appeal. First, section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438, fn. omitted.) Second, the determination at issue in this appeal is the trial court's September 25, 2023, decision that the reporter's transcript of defendant's original jury trial established under current laws and beyond a reasonable doubt that defendant had aided and abetted premeditated attempted murder. Defendant has not challenged this determination.

DISPOSITION

The judgment is affirmed.

 

 

 

_____

         HULL, J.

 

We concur:

 

 

_____

EARL, P. J.

 

 

_____

FEINBERG, J.